**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────────

**JERRY D. GRAYS,**

                              **Plaintiff,**

**v.**

                                                            **13-CV-532(Sr)**

**D. MCGRAIN, et al.,**

                              **Defendants**

───────────────────────────────────

## DECISION AND ORDER

          Plaintiff commenced this action, *pro se*, alleging that on August 31, 2011,

he was assaulted by corrections officers at the Elmira Correctional Facility ("Elmira"),

denied timely medical care for injuries sustained in the assault and was threatened and

had personal property taken from him in an attempt to prevent him from pursuing a

grievance regarding the incident . Dkt. #1.


          Currently before the Court is plaintiff's motion for appointment of counsel.

Dkt. #17.  In support of his motion, plaintiff argues that he requires assistance to identify

corrections officers involved in the assault and to protect his interests during his

deposition.  Dkt. #17.


          There is no constitutional right to appointed counsel in civil cases.

However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent

litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865

F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the

judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to

be considered in deciding whether or not to assign counsel include the following:

1.   Whether the indigent's claims seem likely to be of substance;

2.   Whether the indigent is able to investigate the crucial facts concerning his claim;

3.   Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.   Whether the legal issues involved are complex; and

5.   Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police*

*Officers*, 802 F.2d 58 (2d Cir. 1986).


The Court must consider the issue of appointment carefully, of course,

because "volunteer lawyer time is a precious commodity."  *Cooper v. A. Sargenti Co.*

*Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono*

resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the

claimant," but should instead distribute this resource "with reference to public benefit."

*Id.*  Moreover, the Court must consider to the "likelihood of merit" of the underlying

dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a

claim may not be characterized as frivolous, counsel should not be appointed in a case

where the merits of the . . . claim are thin and his chances of prevailing are therefore

poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but

nevertheless appeared to have little merit).


        This action is in its early stages, making it difficult to assess the merits of

plaintiff's claim or the public benefit which could be achieved by the appointment of

counsel.  Moreover, plaintiff has demonstrated a capacity to communicate the factual

basis of his claims to the Court and appears capable of seeking the identity of John and

Jane Doe defendants through discovery, including, for example, interrogatories of

identified defendants asking for the name of currently unidentified defendants by virtue

of plaintiff's description of the unidentified defendants or a request to identify other

officers present during the alleged incidents and a document demand for the Inspector

General's investigation of this incident.[1]  Accordingly, plaintiff has not established that

the appointment of counsel is warranted at this time under the factors set forth above.

It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit

*pro se*.  28 U.S.C. § 1654.


        **SO ORDERED.**


DATED:      Buffalo, New York
            April 14, 2015

                               _s/ H, Kenneth Schroeder, Jr._
                               **H. KENNETH SCHROEDER, JR.**
                               **United States Magistrate Judge**

---

        [1] Although defendants produced the Inspector General's interview of plaintiff (Dkt. #14-3, p.8), it does not appear that the Inspector General's report of investigation has been produced.