UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERRY GRAYS,

                          Plaintiff,                    **DECISION AND ORDER**

              v.                                        1:13-CV-00532 EAW

ELMIRA CORRECTIONAL FACILITY et al.,

                          Defendant.

## INTRODUCTION

Plaintiff Jerry Grays ("Plaintiff") filed this action on May 17, 2013. (Dkt. 1). Plaintiff filed an amended complaint on November 10, 2015, alleging that his First, Eighth, and Fourteenth Amendment rights were violated after he was assaulted by various correctional officers and denied medical treatment while incarcerated at the Elmira Correctional Facility. (Dkt. 33). The case was referred to United States Magistrate Judge Kenneth Schroeder, Jr., for disposition of all non-dispositive motions, and to hear and report on dispositive motions for the consideration of this Court pursuant to 28 U.S.C. § 636(b)(1). (*See* Dkt. 67). On March 8, 2016, Defendants Amy Sechrist ("Sechrist") and Brenda Zelko ("Zelko") filed a motion to dismiss. (Dkt. 41). Zelko has since been terminated from this action, (Dkt. 47), leaving Sechrist ("Defendant") as the sole movant before the Court on this motion. Magistrate Judge Schroeder filed a report and recommendation ("R&R") on April 3, 2017, recommending that this Court grant the

- 1 -

motion to dismiss. (Dkt. 68). Plaintiff filed timely objections to the R&R, (Dkt. 73), and Defendant filed a response (Dkt. 75).

For the reasons set forth below, this Court agrees with the R&R's recommendation. Therefore, this Court hereby adopts the R&R and the motion to dismiss is granted. However, the Court clarifies that the First Amendment retaliation claim is dismissed without prejudice, and Plaintiff will be granted leave to amend his complaint to further specify his claim for retaliation in accordance with this Decision and Order.

## BACKGROUND

The factual background of this case is set forth in detail in the R&R. (*See* Dkt. 68 at 2-4). Familiarity with the R&R is assumed for purposes of this Decision and Order.

## DISCUSSION

### I. Standard of Review

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection." L.R. Civ. P. 72(b); *see, e.g., Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). In the absence of a specific objection, the district court reviews for clear error or manifest injustice. *Singh v. N.Y. State Dep't of Taxation*

& *Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rochester Drug Co-op., Inc. v. Biogen Idec U.S.*, 130 F. Supp. 3d 764, 769 (W.D.N.Y. 2015). "In defending against a motion to dismiss, 'a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Oldfield v. Vill. of Dansville*, 583 F. Supp. 2d 440, 442 (W.D.N.Y. 2008) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations, and must draw all inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). "Further, when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). In addition, "[i]t is well-settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal

quotations and citation omitted). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).

## II.    First Amendment Retaliation Claims

Title 42 of the United States Code Section 1983 "imposes civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws." *Johnson-Schmitt v. Robinson*, 990 F. Supp. 2d 331, 339-40 (W.D.N.Y. 2013). "Section 1983 'is not itself a source of substantive rights.' It merely provides 'a method for vindicating federal rights elsewhere conferred. . . .'" *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)).

### A.    Verbal Threats

Plaintiff does not explicitly allege a First Amendment cause of action for retaliation in his complaint. (*See* Dkt. 33 at ¶ 86 ("The [c]onstitutional basis for this claim under 42 U.S.C. [§] 1983 is: The Defendants' action of cruel and unusual punishment, and that of deliberate indifference, violate Plaintiff's 8th and 14th Amendment's [sic] [c]onstitutional rights.")). Nonetheless, reading the complaint liberally, and affording Plaintiff the benefit of all reasonable inferences therein, it appears Plaintiff has attempted to raise a retaliation claim relating to Defendant's alleged verbal threats. (*See id.* at ¶¶ 43, 53). Specifically, Plaintiff alleges that Defendant overheard Plaintiff inform an inmate that he had been assaulted by several correctional officers, and in response, Defendant said: "Comments like that can get you hurt or killed around here."

(*Id.* at ¶ 43). Subsequently, Defendant told another correctional officer that Plaintiff had mentioned the alleged assault to the other inmate, and Defendant stated: "You must not want to get out of here alive, keep your mouth shut." (*Id.* at ¶ 53).

Magistrate Judge Schroeder, reading Plaintiff's complaint to raise a First Amendment retaliation claim, recommends that this Court dismiss Plaintiff's First Amendment claim for retaliation. (*See* Dkt. 68 at 5-8). Plaintiff objects to this recommendation. (Dkt. 73 at 1-2). Plaintiff argues that: (1) filing a grievance is constitutionally protected conduct (*id.* at 1); (2) Defendant's allegedly retaliatory remarks were sufficiently threatening (*see id.* at 2); and (3) Defendant's statements caused Plaintiff to "be fearful of retaliation," (*id.*).

Due to the ease with which the facts underlying a retaliation claim may be fabricated or mischaracterized, "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Accordingly, plaintiffs in retaliatory motive cases must plead 'specific and detailed factual allegations which amount to a persuasive case' or 'facts giving rise to a colorable suspicion of retaliation.'" *Moore v. Peters*, 92 F. Supp. 3d 109, 120 (W.D.N.Y. 2015) (quoting *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001)). "[T]o sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected

speech and the adverse action.'" *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quoting *Dawes*, 239 F.3d at 492).

"'Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation.'" *Moore*, 92 F. Supp. 3d at 120-21 (quoting *Amaker v. Fischer*, No. 10 Civ 0977A (SR), 2014 WL 8663246, at *7 (W.D.N.Y. Aug. 27, 2014), *report and recommendation adopted*, No. 10 Civ 0977 (RJA), 2015 WL 1822541 (W.D.N.Y. Apr. 22, 2015)). Although "[u]nder some circumstances, verbal threats may constitute adverse action, depending on their degree of specificity and the context in which they are uttered," *Bumpus v. Canfield*, 495 F. Supp. 2d 316, 326 (W.D.N.Y. 2007), "verbal harassment, or even threats, are generally held not to rise to the level of adverse action that will support a First Amendment retaliation claim." *Rosales v. Kikendall*, 677 F. Supp. 2d 643, 648 (W.D.N.Y. 2010).

The Court agrees with the R&R that Defendant's alleged threats do not constitute a sufficient "adverse action" to state a claim for retaliation. (Dkt. 68 at 8). Here, the threats allegedly made by Defendant were broad allusions to possible future physical injury, which are insufficient to state a First Amendment claim for retaliation. *See, e.g.*, *Kemp v. LeClaire*, No. 03 Civ 844S, 2007 WL 776416, at *15 (W.D.N.Y. Mar. 12, 2007) (finding that threats of "'your day is coming,' 'you'll be sent to your mother in a black box,' and 'you'll get your black ass kicked'" were "insufficient to establish a constitutional violation"); *Bartley v. Collins*, No. 95 Civ 10161 (RJH), 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006) ("Even if [the] plaintiff's deposition testimony

- 6 -

were deemed sufficiently specific, verbal threats such as 'we going to get you, you better drop the suit,' do not rise to the level of adverse action." (footnote omitted)); *Alicea v. Howell*, 387 F. Supp. 2d 227, 237 (W.D.N.Y. 2005) (finding that the defendant's "alleged statements to [the] plaintiff about there being 'no secrets in prison' and that [the] plaintiff would 'have to pay the consequences' for filing a grievance against [the defendant] do not give rise to a First Amendment retaliation claim"). The instant allegations are nothing more than general and undefined threats of future harm. *See, e.g.*, *Bumpus v. Canfield*, 495 F. Supp. 2d 316, 326 (W.D.N.Y. 2007) ("[V]ague intimations of some unspecified harm generally will not rise to the level of adverse action for the purpose of a First Amendment retaliation claim."). The alleged threats here—"Comments like that can get you hurt or killed around here," and "You must not want to get out of here alive, keep your mouth shut" (Dkt. 33 at ¶¶ 43, 53)—were sufficiently opaque that any First Amendment deterrent effect was considerably softened. *See* Dkt. 68 at 8; *see, e.g.*, *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010). As such, Plaintiff's alleged verbal threats fail to state a First Amendment claim for retaliation.

## B.    Grievance Petition

Plaintiff also alleges that he requested a grievance form from Defendant, who denied this request. (Dkt. 33 at ¶ 63). Subsequently, Plaintiff handed Defendant a hand-written grievance petition, (*id.*), but when it was returned to Plaintiff, Defendant stated: "Your complaint was unfounded on the grounds there is no proof," (*id.* at ¶ 67). Plaintiff then signed the petition and indicated to Defendant that he did not accept her response and wished to appeal. (*Id.*). Plaintiff has not received a response to his grievance since

then. (*Id.*). The R&R does not address Defendant's alleged failure to properly file the grievance under a First Amendment retaliation analysis, but giving the complaint a liberal construction, and affording Plaintiff the benefit of all reasonable inferences therein, this Court finds that Plaintiff has attempted to raise such a claim here. (*See id.* at ¶¶ 63, 67; *see also* Dkt. 52 at 4).

Plaintiff cites to *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995) for the proposition that the filing of a grievance petition is constitutionally protected conduct. (Dkt. 73 at 1). Viewed in isolation, Plaintiff is correct in reciting this statement of law. *See, e.g.*, *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003); *Colon*, 58 F.3d at 872. Nevertheless, Plaintiff's amended complaint fails to allege a retaliatory reason for the denial or otherwise unresponsive action to his grievance petition. *See, e.g.*, *Bennett*, 343 F.3d at 137 ("In order to prevail on his retaliation claims, [the plaintiff] bears the burden of showing that . . . the conduct was a substantial or motivating factor for the adverse actions taken by prison officials."). Indeed, it was only in his response to Defendant's motion that Plaintiff alleges that Defendant "denied [him] a grievance form as retaliation for expressing his desire to file criminal charges and a claim against [the correctional officers]" involved in the alleged assault. (Dkt. 52 at 4). The amended complaint includes no allegation of causation that would connect Plaintiff's statement—that he wished to file a complaint and criminal charges—(Dkt. 33 at ¶¶ 50-51), with Defendant's refusal to allow Plaintiff access to the grievance process. *See generally Moore*, 92 F. Supp. 3d at 120; *Anderson v. Lapolt*, No. 07 Civ 1184 (DNH), 2009 WL 3232418, at *5 (N.D.N.Y. Oct. 1, 2009) ("A plaintiff cannot state a retaliation claim in wholly

conclusory terms, but rather, must provide a pleading that is 'supported by specific and detailed factual allegations.'" (quoting *Friedl v. N.Y.C.*, 210 F.3d 79, 85-86 (2d Cir. 2000))).

A plaintiff has "no constitutionally protected right to file a criminal complaint," *Lane v. Carpinello*, No. 07 Civ 751 (GLS)(DEP), 2009 WL 3074344, at *27 (N.D.N.Y. Sept. 24, 2009); *see Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[C]ourts in the Second Circuit have long held that an individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials."); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) ("There is . . . no constitutional right to an investigation by government officials, and no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (quotations and citations omitted)).

However, "[w]ithin the prison context, a common form of constitutionally protected speech is the filing of a lawsuit or inmate grievance." *Muhammad v. Reeves*, No. 08 Civ 182 (JTC), 2012 WL 5617113, at *7 (W.D.N.Y. Nov. 15, 2012) (citing *Bennett*, 343 F.3d at 137). Nonetheless, a "[p]laintiff[] cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [the d]efendants' motion to dismiss." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013); *see, e.g.*, *Uddoh v. United Healthcare*, No. 16 Civ 1002 (BMC)(LB), 2017 WL 2242870, at *4 (E.D.N.Y. May 22, 2017).

In its present state, Plaintiff's amended complaint does not state claim for retaliation in anything other than conclusory terms, and any specific allegation of retaliation was raised for the first time in his opposition to Defendant's motion to dismiss. Even still, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984), and "[w]here a *pro se* complaint fails to state a cause of action, the court generally 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13 Civ 1108 (RJA)(MJR), 2016 WL 6311296, at *12 (W.D.N.Y. Sept. 15, 2016) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), *report and recommendation adopted Antonio Salgado, Jr., No. 09 A-1863 v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 13 Civ 1108A, 2016 WL 6298517 (W.D.N.Y. Oct. 27, 2016). Thus, this Court dismisses Plaintiff's First Amendment claim for retaliation as it relates to Defendant's alleged interference with proper grievance procedures without prejudice. Plaintiff will be granted leave to amend his complaint to provide more specific allegations in an attempt to adequately state such a claim.

### III.  Eighth Amendment Claim

Magistrate Judge Schroeder recommends that this Court dismiss Plaintiff's Eighth Amendment claim as against Defendant because Plaintiff did not allege any physical harm arising from Defendant's conduct. (*See* Dkt. 68 at 9). Plaintiff did not specifically object to this aspect of the R&R, and as a result, he has waived his right to *de novo*

review pursuant to 28 U.S.C. § 636(b)(1). *See United States v. Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997). The Court has reviewed the initial motion papers and fully agrees with the R&R's conclusion that Defendant's alleged verbal threat with no resulting physical injury is insufficient to state an Eighth Amendment claim and, therefore, for the reasons set forth more fully in the R&R, Plaintiff's Eighth Amendment claim against Defendant is dismissed with prejudice.

## IV.   **Fourteenth Amendment Due Process Claim**

Magistrate Judge Schroeder also recommends that this Court dismiss Plaintiff's Fourteenth Amendment Due Process claim as against Defendant because Plaintiff does not allege a violation of a constitutional right. (*See* Dkt. 68 at 9-10). Plaintiff objects to this ruling, and argues that he has a due process right to the proper filing of his grievance because it was required in order to exhaust his administrative remedies. (*See* Dkt. 73 at 2). This Court agrees with the R&R.

Although Plaintiff may be required to exhaust the administrative remedies available to him, *see Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016), not all administrative remedies enshrine constitutional requirements. "It is well established . . . that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008); *see, e.g.*, *Dolberry v. Levine*, 567 F. Supp. 2d 413, 416 (W.D.N.Y. 2008). Plaintiff's allegations imply that Defendant discarded his grievance and interfered with his attempt to seek relief through that

administrative process. This does not raise a claim of due process, but instead, it might have bearing on whether the filing of a grievance complaint was an administrative remedy actually available to him. *See Ross*, 136 S. Ct. at 1859-60 (outlining that grievance procedures are unavailable when, inter alia, officers are "unable or consistently unwilling to provide any relief to aggrieved inmates" or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

As discussed above in relation to Plaintiff's Eighth Amendment claim, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see, e.g., Ladeairous v. Attorney Gen. of the State of N.Y.*, No. 14 Civ 0250 (GTS)(CFH), 2014 WL 12649838, at *7 (N.D.N.Y. June 4, 2014) ("[A]n opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile."). Since the denial of grievance procedures fails to establish a constitutional violation, the Court concludes that Plaintiff is unable to further amend the amended complaint to state a valid cause of action. *See, e.g., Cuoco*, 222 F.3d at 112; *Richard*, 126 F. Supp. 3d at 339-40; *McCree*, No. 14 Civ 5201 (JPO), 2015 WL 4299546, at *6. Accordingly, Plaintiff's Fourteenth Amendment Due Process claim as against Defendant will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R and Defendant's motion to dismiss is granted. Plaintiff's Eighth and Fourteenth Amendment claims are dismissed with prejudice. Plaintiff's First Amendment retaliation claim is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint only as directed above **within thirty (30) days** of the filing of this Decision and Order. If Plaintiff does not file an amended complaint as directed above, his First Amendment claim for retaliation is dismissed with prejudice. Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see, e.g., Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all necessary allegations so that it may stand alone as the sole complaint in this action. Moreover, Plaintiff is reminded that leave to amend is only granted with respect to a First Amendment claim for retaliation pertaining to the grievance petition, consistent with this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     June 26, 2017
           Rochester, New York