UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERRY D. GRAYS,

                      **Plaintiff,**

v.                                                                   13-CV-532(Sr)

**D. MCGRAIN, et al.,**

                      **Defendants**

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, alleging that on August 31, 2011, he was assaulted by corrections officers at the Elmira Correctional Facility ("Elmira"), denied timely medical care for injuries sustained in the assault, and threatened to prevent him from pursuing a grievance regarding the incident. Dkt. #82.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #91. In support of his motion, plaintiff argues that he lacks the legal skills to oppose defendants' motions for summary judgment (Dkt. #65 & 87), and is afraid that his case will be dismissed due to his inadequate knowledge of the law and inability to obtain discovery. Dkt. #91.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the judge's discretion. *In re Martin-*

*Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated his ability to present his claims and arguments to the Court. Plaintiff's complaint, amended complaint and opposition to defendants' motions to dismiss and for summary judgment set forth the factual basis with respect to his claims. Plaintiff has obtained discovery from defendants and has not requested assistance from the Court regarding outstanding discovery demands. As a result, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Plaintiff's request for appointment of counsel (Dkt. #91), is denied without prejudice.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**December 5, 2017**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**